*ROANB, Judge.*
The court is of opinion, that the plaintiff in this case, having given evidence at the trial, of certain conversations of the defendants, relative to the facts whereon the prosecution for felony was founded, with the view to impute malice to them, it was competent to them for the purpose of obviating that imputation, to shew as well what they actually swore before the magistrate, as the manner and circumstances thereof. This is emphatically the opinion of the court, because regularly in an action for malicious prosecution, the plaintiff ought himself to give evidence of what was sworn on the trial. This evidence being rejected by the court in the present case, the judgment must be reversed, and a new trial awarded, in which the evidence offered is to be admitted if requested.
On the question whether the reversal is to be extended to the judgment in favour of the acquitted defendants also, the court is of opinion, that it is not: in which opinion Judge Brooke who did not sit as to the previous question concurs.
The opinion expressed by the court below, although erroneous, gave in itself no right of appeal by motion for a new trial or otherwise. It gave none to the defendants although it rejected their testimony, and was excepted to by them. It was only when a verdict was rendered against them, which may have been influenced by this rejection, that a right to a new trial arose: until this event, the opinion is to be considered as abstract and harmless. If all the defendants had been acquitted no new trial could have been asked by them: nor could the plaintiff have complained, because the opinion was founded on his motion, and rejected his adversaries evidence. That rejection cannot be deemed to have been injurious to him. It was not that rejection, but the defect of his own proofs in relation to the acquitted defendants, which produced their acquittal. Neither he nor *they therefore, in the case oí a total acquittal, could ask for a new trial. It remains, to inquire whether this may be done in the actual case before us, at the instance of the convicted defendants, so as to jeop-ard again, those who have been acquitted. The only ground on which this can be asked for by the former is, that they have been injured by the acquittal of the others, and have an interest in having them convicted. This ground however was overruled by this court in the case of Boswell v. Jones. (l) It was not deemed in that case a sufficient interest to subject the acquitted defendants to another trial.
If this then was a mere motion for a new trial, it would not be awarded except as to the convicted defendants: and how is the case altered when it occurs in the appellate court?
In the case of Johnson v. Macon, (m) it was stated by the President of the court, that a motion for a new trial on the ground of a mis-direction, is never made before the same Judge, but before the appellate court, upon an exception taken in the court below. We are of opinion that this ground is quite too narrow. The same Judg-e may upon a deliberate motion fo? a new trial supported *800 by argument and authority, retract a hasty opinion expressed by him in the progress of the trial. That course too, would save the expense and delay of appealing to a Superior court for that purpose. But as he may not retract this error, an application for a new trial may be also made to the appellate court, and to that end, an exception is provided. On the appeal, the application is still in effect for a new trial: and it would • seem, that none are to be subjected thereto by the appellate court, who could not have been so subjected by a direct motion in the court below. In principle there is no difference between the two cases. It is a general principle, that ar. appeal will only lie, in behalf of a party injured by a ^decision, and to the extent of that injury: and this principle equally prevails, in whatever court the motion is made, and by whatever form of proceeding.
We are of opinion therefore., that the Judgment is only to be reversed, and a venire de novo awarded, as between the parties to the appeal.

(l) 1 'Wasli. 322.

(m) 1 Wash. 4.

Brooke absent.

tSame — Before What Court Motion Should Be Made. —See, on this subject, the principal case cited in Newberry v. Williams, 89 Va. 299, 15 S. E. Rep. 865; Danks v. Rodeheaver, 26 W. Va. 290, 292; foot-note to Johnson v. Macon, 1 Wash. 4. See further, mono-graphic note on “New Trials” appended to Boswell v. Jones, 1 Wash. 322.
The principal case was also cited in Danville Bank v. Waddill, 31 Gratt. 478.